## Souleyette et al. v. McKee.

March 7, 1944.

John M. Perkins and Gladstone Wesley for appellants.

B. J. Bethurum and John S. Cooper for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellants' predecessor in title instituted the action in ejectment, to evict appellee from a boundary of land situate in Pulaski County. Appellants claim the land by conveyance, appellee claims by adverse possession. The Court sustained appellee's motion for a directed verdict at the close of all the evidence.

The evidence shows that appellee and her husband, Stephen McKee, who died in the year 1934, moved upon the property forty-two (42) years ago, and have been claiming it adversely ever since. The land in dispute was formerly owned by appellee's father-in-law, Elias McKee, who was living at the time appellee and her husband moved on the property and commenced their adverse claim. Elias died in 1923. In the year 1924 several creditors of his estate filed an action to settle the estate, and since there was not sufficient presonal property to satisfy the debts, the land in dispute was sold by the Master Commissioner. John M. Perkins and W. F. Linville jointly purchased the property at the sale, which was confirmed in October, 1925, although the deed was not delivered to them until June 26, 1926. In March, 1931, Perkins, joined by his wife, and the executrix with

the will annexed of W. F. Linville, conveyed the land to H. P. Souleyette. On June 26, 1941, fifteen (15) years and one (1) day after the Master Commissioner's deed was delivered, Souleyette filed suit in ejectment against the appellee. In October, 1941, Souleyette and his wife conveyed the property to Ion Souleyette. In the suit to settle Elias McKee's estate his son, appellee's husband, was made a party defendant but failed to assert his claim of adverse possession. He did, however, remain in possession of the property, claiming it adversely until his death in 1934. Upon his death appellee continued in possession of the property and claimed adversely to be the owner and entitled to its possession.

Although appellee's husband had perfected title to the property by adverse possession previous to the institution of the suit to settle his father's estate, his failure to set up the claim in that suit precluded him thereafter from claiming title under the possession he enjoyed previous to the date the Commissioner's sale was confirmed. However, since he continued in possession of the property and claimed it adversely, continuously, openly, and notoriously, the limitation upon his possession commenced to run on the date the sale was confirmed. He remained in its possession until his death in the year 1934, and his wife continued in possession of the property until suit was filed approximately nine (9) years thereafter, the successive possessions continuing almost sixteen (16) years after the sale was confirmed, and fifteen (15) years and one (1) day after delivery of the deed executed by the Master Commissioner in pursuance of the judicial sale.

In 1 Am. Juris., Sec. 151 p. 879, it is said: "In order to come within the requirements as to continuity of possession, as stated in the preceding sections, it is not necessary that an adverse possession should be maintained for the statutory period by one person. Continuity may be just as effectively shown by the successive possessions of several persons between whom the requisite privity exists. This is called tacking. And where the successive possessions of those in privity with each other, when tacked together, constitute one continuous adverse possession for the statutory period, it will be sufficient, providing, of course, the other elements of adverse possession are also present." In the same work, Sec. 153, p. 880, it is said: "Privity denotes

merely a succession of relationship to the same thing, whether created by deed or by other act, or by operation of law. * * * All that is necessary to privity between successive occupants of property is that one receive his possession from the other by some act of such other or by operation of law, the one taking under the other as by descent, will, grant, or other transfer of the possession. Thus, it is apparent that privity exists between the ancestor and his heirs, and the grantees of such heirs. Where a person died in possession of land which had descended to him from his ancestors and left a widow and children, and on his death the widow entered and retained possession, it was held that she was in possession as guardian to her children, her entry not having been accompanied by any acts or declarations inconsistent with that character. So, the husband of an heiress may continue the possession in the right of his wife. In like manner, a sufficient privity may exist between a testator and a devisee, * * * husband and wife, * * *.'' In Culton et al. v. Simpson et al., 265 Ky. 343, 96 S. W. (2d) 856, 858, Culton was living on the property in dispute in the year 1891, and continued to live there until his death in 1893. His widow and children continued thereon until 1899, when the widow married and moved therefrom, leaving her daughter in possession of the property. The daughter remained there until the year 1903, in which year she rented the farm to a tenant. She returned in the year 1904 and lived there in 1904 and 1905. She rented it to another tenant in 1906, 1907, and 1908, and lived on the land in 1909, 1910, and 1911. She rented the property to a third tenant, who lived thereon during the year 1912. She lived on the property in 1913 and 1914. The Court said that there was ''evidence of continuous possession by David M. Culton, his widow, Nancy Culton, and his daughter, Mollie Smith, and their tenants from 1891 to 1914. These possessions can be tacked together, and they cover 23 years. These possessions were actual, continuous, open, notorious, visible, exclusive, hostile, and under a claim of ownership.'' In Turk et al. v. Wilson's Heirs, 266 Ky. 78, 98 S. W. (2d) 4, the possession of a widow, until by conveyance she relinquished her dower in the property, was tacked to the possession of the husband she survived to create a continuous adverse possession ripening into title. In Howard et al. v. Mitchell et al., 268 Ky. 429, 105 S. W. (2d) 128, the right of a widow to occupy the property

and continue the possession for the benefit of her husband's estate is recognized. Thus it will be seen that the rule is well established that the possession of a surviving widow may be tacked to the possession of her deceased husband for the purpose of showing a continuous possession under an adverse claim. Applying that principle to the facts of the case, the possession of appellee, tacked to that of her husband, ripened into title.

But it is argued that, since the description of the property in the pleadings is at variance with the description of the property in the judgment, the pleadings do not support the judgment and the latter should be reversed. The description of the property claimed by the appellant in his petition called for a one hundred (100) acre boundary, included in which is the boundary of thirty (30) acres described in the judgment. Appellee pleaded adverse possession to the entire one hundred acre boundary, but in her evidence confined her adverse claim to a well described boundary containing thirty acres within the boundary claimed in her answer and counter-claim. Since the boundary described in the petition includes the boundary adjudged to her, title to which she has proved, the pleadings are sufficient to support the judgment, and the Court properly described the lesser boundary in accordance with the proof adduced upon the trial.

It is finally claimed that, since both Stephen McKee and the appellee tried to buy a part of the hundred acre tract after the Commissioner's sale, such endeavors on their part were a recognition of appellants' ownership of the entire boundary, and created a break in the adversity of appellee's possession of the thirty acre boundary. We see no merit in this contention, because it appears clearly that the portion of the hundred acre tract which appellee and her husband endeavored to buy is the part of the larger tract which she is not claiming under adverse possession.

Since we have concluded that appellee has shown title to the property by possession adverse to the claim of appellants, it is unnecessary for us to examine the title the latter otherwise would have had to the property.

Wherefore, the judgment is affirmed.